```
THIS OPINION IS A
  PRECEDENT OF
   THE TTAB
```

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

CME/PWC                          Mailed:  May 13, 2013

Opposition No. 91208352

Chanel, Inc.

v.

Jerzy Makarczyk

**Christen English, Interlocutory Attorney:**

On February 5, 2013, opposer filed a request pursuant to Trademark Rule 2.120(a)(2), 37 C.F.R. § 2.120(a)(2), for Board participation in the parties' settlement and discovery planning conference ("discovery conference") mandated under Fed. R. Civ. P. 26(f), and Trademark Rule 2.120(a)(1) and (a)(2).  On February 19, 2013, the Board participated in the parties' telephonic discovery conference.  On February 20, 2013, the Board issued an order addressing matters discussed during the discovery conference, including the parties' interest in utilizing accelerated case resolution (ACR) to resolve their dispute in this proceeding.[1]

---

[1]    Information regarding ACR may be found in TBMP §§ 528.05(a)(2), 702.04 and 705 (3d ed. rev. 2012) and the ACR & ADR section of the Board's internet webpage at http://www.uspto.gov/trademarks/process/appeal/index.jsp.

This matter now comes up on the parties' stipulation, filed April 5, 2013, to use the Board's ACR procedure to pursue resolution of this proceeding on the merits.

By way of background, *pro se* applicant seeks registration of the mark CHANEL, in standard characters, for "Real estate development and construction of commercial, residential and hotel property."[2]  In its notice of opposition, opposer alleges priority in and likelihood of confusion with its registered CHANEL mark for a range of goods and services, including but not limited to cosmetics, toiletries, clothing, leather goods, jewelry, and related services,[3] false suggestion of a connection and dilution.  In his answer, applicant denies the salient allegations in the notice of opposition.

Pursuant to their ACR agreement, the parties have entered into the following procedural stipulations:

1) Neither party shall conduct discovery or rely on expert testimony;

2) The parties shall forego trial and an oral hearing;

---

[2]    Application Serial No. 85600670, filed April 17, 2012, alleging first use dates of May 15, 2008.

[3]    Opposer has pleaded numerous registrations all of which are more than five years old.

3) The parties shall submit summary judgment briefs, accompanied by any evidence, which may be submitted in the form of declarations or affidavits;

4) The page limit for the parties' briefs shall be the page limit permitted for trial briefs pursuant to Trademark Rule 2.128(b);

5) The parties are not required to submit separate statements of material fact as part of their briefs;

6) Evidence may be marked as "Confidential" or "Attorney's Eyes Only" pursuant to the Board's protective order automatically applicable in this proceeding; and

7) The parties agree that the Board may resolve genuine disputes of material fact and issue a final ruling based on the parties' ACR submissions.

The parties further stipulate to the following facts:

1) "Applicant does not claim rights in or use of CHANEL in connection with any goods or services including real estate development and construction of commercial, residential and hotel property in the U.S. prior to May 15, 2008";

2) "Opposer used and registered CHANEL for retail store services, clothing, jewelry, fragrances and beauty items prior to May 15, 2008";

3) "The opposed mark CHANEL is identical to [o]pposer's trade name CHANEL";

4) "The opposed mark CHANEL is identical to [o]pposer's federally registered trademark CHANEL";

5) "Other than the CHANEL mark opposed herein, [a]pplicant does not own any other trademark applications or trademark registrations in the United States that includes [sic] in whole or in part CHANEL";

6) "Applicant uses in connection with his real estate development and construction of commercial, residential and hotel property services not only the CHANEL mark but also the marks HERMES and PLAYBOY among others";

7) "Opposer has never given [a]pplicant any consent or permission or otherwise authorized [a]pplicant to use or register the CHANEL mark in connection with any goods or services"; and

8) "There is no connection or affiliation between [o]pposer and either [a]pplicant or [a]pplicant's goods or services."

Finally, the parties' stipulate to the following briefing schedule subject to the right to extend the deadlines upon consent:

4

| | |
|---|---|
| Submission of Opposer's ACR Brief and Evidence | **9/9/2013** |
| Submission of Applicant's ACR Brief and Evidence | **10/7/2013** |
| Submission of Opposer's ACR Rebuttal Brief and Evidence, if any | **10/28/2013** |

Because the parties agree that the Board may resolve disputes as to material fact which the Board may find to exist,[4] and may issue a final ruling after considering the parties' ACR submissions, the parties' April 5, 2013 ACR stipulation is hereby **APPROVED.** The Board will expedite determination of this matter and render a final decision in accordance with the evidentiary burden at trial, that is, by a preponderance of the evidence. *See, e.g., Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1848 (Fed. Cir. 2000). The Board will endeavor to issue a decision on the merits within 50 days of the due date for opposer's rebuttal brief.

The interlocutory attorney assigned to this case is available for telephone conferences should any questions or issues arise concerning this ACR proceeding.

---

[4] The Board construes the parties' stipulation as an agreement that the Board may decide any issues not anticipated by the parties but which the Board may find the record to present.